Wiliam Lee **MANES**

v.

**LOCAL BOARD #36, Appellant.**

**No. 71-1537.**

United States Court of Appeals, Third Circuit.

Argued April 18, 1972.

Decided May 17, 1972.

James C. Sommar, Asst. U. S. Atty., Philadelphia, Pa., for appellant.

Steven A. Cotlar, Hartzel & Bush, Doylestown, Pa., for appellee.

Before ADAMS, MAX ROSENN and HUNTER, Circuit Judges.

OPINION OF THE COURT

ADAMS, Circuit Judge.

This appeal from an order of the district court enjoining the induction of a Selective Service registrant and remanding the cause to his local board raises the question whether jurisdiction for pre-induction review exists where the registrant has presented an allegedly *prima facie* post-induction notice claim for reclassification or where the local board allegedly has denied the registrant due process of law.

The facts of this case are not complex. Mr. Manes (appellee) is a registrant of Local Board No. 36. In early 1970, appellee was classified I–A and ordered to report for a pre-induction physical examination. He requested a III–A hardship classification and a personal interview. The local board then provided him with a dependency questionnaire that was timely returned to the board, and granted appellee's request for a personal interview. No action was taken by the local board at the interview, and

appellee was requested to provide a certified statement from his mother as to his contributions to her for support. On June 16, 1970, after the statement was received, the local board, through its secretary, notified appellee of his I–A classification. But it was not until the next day that the board actually considered and approved such classification.[1] Mr. Manes requested and was granted an appeal to the state board, which affirmed the classification rendered by the local board.[2]

On September 18, 1970, appellee was ordered to report for induction on October 12, 1970, but on October 1, he requested a reopening of his file on the basis of a letter submitted by his mother's psychiatrist. The board reviewed Mr. Manes' file, refused to reopen his classification because "there was no change in [appellee's] status resulting from circumstances over which [he] had no control", and ordered appellee's induction on November 5, 1970. Mr. Manes requested a second appeal to the state board, and was informed that he had no such right.

Mr. Manes then filed an action in the district court seeking to restrain his induction. The district court first denied relief, then reversed itself on the basis of Hunt v. Local Board No. 197, 438 F. 2d 1128 (3d Cir. 1970), declared the induction notice "NULL and VOID", and ordered that the matter be remanded for further proceedings.[3] The local board has appealed from this order.

The threshold question in every pre-induction review case is whether the federal courts have jurisdiction to reach the merits of the controversy. Section 10(b)(3) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 460(b)(3), states that: "No judicial review shall be made of the classification or processing of any registrant * * * except as a defense to a criminal prosecution. * * *." The statute further provides that such limited review was further restricted to the issue of jurisdiction of the Selective Service System "only when there is no basis in fact for the classification assigned to such registrant."

Section 10(b)(3) has been considered a number of times by the Supreme Court.[4] The cases collectively

"establish the principles (a) that § 10(b)(3) does not foreclose pre-induction judicial review in that rather rare instance where administrative action, *based on reasons unrelated to the merits of the claim to exemption or deferment*, deprives the registrant of the classification to which, *otherwise and concededly, he is entitled by statute*, and (b) that § 10(b)(3) does foreclose pre-induction judicial review in the more common situation where the board, authoritatively, *has used its discretion and judgment* in determining facts and in arriving at a classification for the registrant." Fein v. Selective Service System, 405 U.S. 365,

---

1. Appellee calculates that each registrant classified on June 17, 1970 received a maximum of 36.6 seconds of consideration by the board.

2. Neither the local nor the state board stated the reasons for their decisions. There is no indication in the record that a statement of reasons was ever requested.

3. The district court concluded that Mr. Manes had presented a *prima facie* case for reclassification and that the board, therefore, was required to reopen ap-

pellee's file so that he would be entitled to certain "procedural privileges."

4. *See e. g.*, Fein v. Selective Service System, 405 U.S. 365, 92 S.Ct. 1062, 31 L. Ed.2d 298 (1972) ; Breen v. Selective Service Local Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970) ; Boyd v. Clark, 393 U.S. 316, 89 S.Ct. 553, 21 L.Ed.2d 511 (1969) ; Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L. Ed.2d 418 (1968) ; Oestereich v. Selective Service System Local Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968).

374, 92 S.Ct. 1062, 1069, 31 L.Ed.2d 298 (1972) (emphasis added).

The facts and holding of the *Fein* decision, which came down after the order of the district court, are instructive as to whether the local board's action here entitles appellee to pre-induction judicial review of his "classification or processing." Dr. Fein was classified I–O by his local board, but the State Director appealed. Although Dr. Fein "wrote seeking 'a statement indicating the basis for the State Director's Appeal' and an opportunity to reply," he received no explanation. The appeal board unanimously reversed the local board without stating any reasons, and the National Director of Selective Service further appealed on Dr. Fein's behalf.[5] The national board affirmed the appeal board's decision without stating any reasons. In his complaint seeking pre-induction judicial review of his classification and processing, Dr. Fein charged that the statute and regulations violated the Due Process Clause of the Fifth Amendment in that they did not provide for the rendition of a statement of reasons for the decision to appeal or the subsequent action by the various appeal boards, and that the defendants acted unconstitutionally by failing to state reasons, by not allowing Dr. Fein to submit additional materials, and by refusing him the opportunity to "rebut," the decision to appeal. 405 U.S. at 370, 92 S.Ct. at 1067.

In *Fein*, the Supreme Court noted that Mr. Justice Harlan in his separate opinions in *Oestereich* and *Breen* would have allowed such a review under Section 10(b) (3), but that "this view, however, commanded the vote of no other member of the Court." 405 U.S. at 375, 92 S.Ct. at 1070. The Supreme Court concluded, therefore, that pre-induction review of allegedly unconstitutional administrative procedures was barred by Section 10(b) (3) absent the element of "blatant lawlessness" present in *Oestereich* and *Breen*. Appellee's "claimed status," like Dr. Fein's, "is not one that was factually conceded and thus was assured by the statute upon objective criteria. His administrative classification action was, in contrast, a product of the 'process' and the 'system of classification,' * * *. It turned 'on the weight and credibility of the testimony' * * *. And it was 'dependent upon an act of judgment by the board.' * * *." *Id.* at 376, 92 S.Ct. at 1070.

We hold, therefore, that the order granted by the district court was improper under Section 10(b) (3), as interpreted in *Fein*.

Accordingly, the judgment of the district court will be reversed, and the cause will be remanded for such further proceedings consistent with this opinion and *Fein*, and in particular part IV thereof, as may be necessary.

---

5. Because the decision of the state appeal board was unanimous, Dr. Fein had no right to further appeal. The National Director, however, is empowered to prosecute an appeal in such a situation, and in this case, he did so on Dr. Fein's request.

At this time, after a subsequent request for information, Dr. Fein was advised that the State Director's decision to appeal "was based upon the information contained in [his] selective service file."